Williams, Judge,
delivered the opinion of the court:
The facts of the case are set forth in detail in the findings. There is no necessity for an extended restatement of them in the opinion. The issues present questions of law only and are: Was the plaintiff required by the terms of the lease to furnish at its expense the additional toilet facilities installed by the defendant, amounting to $514.50? Was the plaintiff required by the terms of the lease to pay the costs of the maintenance and repair of the conveyor housing, amounting to $849.48?
*791 • Paragraph 6 of the lease provides that:
“ 6. The lessor shall furnish to the Government, during the occupancy of said premises, under the terms of this lease, as part of the rental consideration, the following: Said building, first-class both as to workmanship and material, together with the requisite elevators and conveyors, in accordance with specifications. The lessor shall keep the said elevators in good repair and proper condition to the satisfaction of the Post Office Department. The lessor shall pay all taxes, and shall have this lease duly recorded. The lessor shall furnish satisfactory heating and lighting fixtures; satisfactory plumbing and necessary toilet facilities. The lessor shall keep the said heating and lighting fixtures and plumbing in good repair and condition during the term of this lease.”
The plaintiff contends that this provision of the lease obligated the lessor to furnish only such toilet facilities as were required by the plans and specifications approved by the Department in advance of construction, and to keep such facilities in good repair during the term of the lease; that it did not require or obligate it to furnish such additional toilet facilities as the Department might from time to time during the term of the lease consider necessary to meet the exigencies of the service.
This contention, in substance, was made in United Post Offices Corporation v. United States, 79 C. Cls. 173, No. 42127, decided March 5, 1934, where the question involved was whether under the provisions of a lease containing identical language to that found in paragraph 6 of the lease in question as to the furnishing of satisfactory heating and lighting fixtures, satisfactory plumbing and necessary toilet facilities, the lessor could be required to install case lights when it developed that the original lighting system, although according to specifications furnished by the Government, accepted and approved, was unsatisfactory and insufficient. The court in passing on the question said:
“ The plaintiff’s argument is addressed to a familiar principle of law, that in cases where parties enter into a written contract in pursuance and acceptance of written proposals setting forth the undertaking in detail the contract is to be construed in the light of and as a reduction to writing of the terms set forth in the proposals. * * * This case, we *792 think, does not fall within the rule. * * * Under existing law the undertaking exacted two contracts, the first to be faithfully executed prior to the execution of the second, and it is under the second that this cause of action arises. The defendant’s obligation under the first was to enter into a lease of the building after its satisfactory completion. The first proposal did not fix the terms of the lease to be thereafter agreed upon * * *.
“Paragraph 6 imposed upon the lessor the duty of furnishing ‘ satisfactory lighting fixtures ’. * * _ * We find nothing in the record which in any way sustains a finding that the additions called for were not essential to the exigencies of the service, or that in ordering them the defendant acted capriciously, unreasonably, arbitrarily, and without regard to the necessities of the service.”
The plaintiff’s obligation under the lease was to furnish “ satisfactory plumbing and necessary toilet facilities.” This obligation was a continuing one throughout the period of the lease. It is not contended that the additional toilet facilities the Department ordered plaintiff to furnish were not necessary for carrying on the business for which the building was leased. Therefore the refusal of the plaintiff to furnish the necessary toilet facilities, when called upon to do so, justified the Department in supplying them and deducting the cost thereof from the rent. The plaintiff is not entitled to recover on this item of the claim.
Paragraph 6 of the lease requires the lessor to furnish to the Government as a part of the rental consideration “ requisite elevators and conveyors ”, in accordance with specifications. The conveyors comprised a system of transportation of the mail from the Michigan Central Railroad Terminal to the building. The housing structure in question, the upkeep and maintenance of which cost $849.48 during the period involved, was an integral part of the conveyor system.
It is our opinion that the lessor was not obligated by the terms of the lease to pay the cost incident to the repair and maintenance of the conveyor system. The only place in the lease where the conveyors are mentioned is in paragraph 6. The lessor is required to furnish to the Government the “ building, .first-class both as to workmanship and material, together with requisite elevators and conveyors.” The following sentence obligates the lessor to “keep the said ele *793 vators in good repair and proper condition to the satisfaction of the Post Office Department.” The enumeration of conveyors in the first sentence of the paragraph and their omission in the second, under the old and well-settled rule of construction expressio umAus est exclusio alterim must be held to mean that the lessor was not obligated to keep the conveyors in good repair and proper condition. It is significant also as to the intent of the parties that the subsequent provisions of the paragraph requiring the lessor to furnish satisfactory heating and lighting fixtures, and satisfactory plumbing and necessary toilet facilities, also obligate the lessor to keep them in good repair and condition during the terms of the lease. If it had been intended to charge the lessor with the duty of keeping the conveyor system in good repair and proper condition, we think the lease would have contained a specific provision to that effect, as it did in respect to other items. Paragraph 6 appears in the lease in typewritten form and must prevail over any general printed provisions of the lease, none of which, however, can be construed as obligating the lessor to keep the conveyors in repair.
The reason the lease did not provide that the lessor should bear the costs of the repair and upkeep of the conveyor system is clearly explained by the provision of the lessor’s proposal to lease that:
“We further agree in consideration of the rental herein-before specified to furnish a complete conveying system * * * for transportation of mail from the M. C. B.. Terminal to the proposed building; repair and upkeep on said conveying system, however, to be assumed and paid for by the Post Office Department.”
While the terms of the proposal would not be' controlling as against specific provisions of the lease to the contrary, they are important and may be considered in determining the intent of the parties as expressed in the lease.
The plaintiff is entitled to recover on this item of the claim. Judgment will therefore be awarded the plaintiff in the sum of $849.48. It is so ordered.
Whaley, Judge; Littleton, Judge; Geeen, Judtfe; and Booth, Ohief Justice, concur.